*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-030

MAY TERM, 2014

| | |
|---|---|
| Charles Chandler | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| v. | } Civil Division |
| | } |
| Vermont Mutual Insurance Company and | } |
| Ronald Gifford, Individually | } DOCKET NO. 224-5-13 Wmcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from a superior court order dismissing his complaint against defendants on principles of comity. We affirm.

The record discloses the following. In December 2012, plaintiff and Faye Ainsworth filed a fourteen-page, six-count complaint in the Massachusetts Superior Court against Vermont Mutual Insurance Company, its agent, Robert Gifford, Servpro of Keene Inc., Richard Paul, and Ryan Paul. The complaint alleged that, in June 2009, plaintiff purchased home insurance from Vermont Mutual for his property in South Deerfield, Massachusetts; that on March 11, 2011, a chimney fire occurred at the property; that plaintiff then met with Ryan Paul of the contracting company Servpro of Keene Inc., New Hampshire, who promised to make the necessary repairs to the property; and that Ryan and Richard Paul then met with representatives of Vermont Mutual, including Robert Gifford, who agreed on the work to be performed.

Plaintiff further alleged that Servpro and Vermont Mutual then "decided to cover up and hide" much of the damage to the property; that Servpro removed and kept valuable items from the home; that "no repairs were made or performed in a competent and work like manner," that the home as a result remained uninhabitable; and that Vermont Mutual wrongly refused to pay the estimated $330,000 it would require to repair the home to its original condition. Plaintiff sought damages against Vermont Mutual for its "delay and unfair claims practices," against Ronald Gifford for "forc[ing] the plaintiffs from their home," and against Servpro and the Pauls for allegedly causing and covering up damages in the course of repairs.

In February 2013, plaintiff and Ainsworth filed an amended complaint in the Massachusetts Superior Court against the same parties, asserting—on essentially the same facts—claims for breach of contract, unjust enrichment, breach of consumer protection law, and unfair and deceptive insurance practices.[1] Vermont Mutual and Gifford moved to dismiss the

---

[1] At about the same time, the Massachusetts court ordered that the action be "merged" with an already existing case involving the same parties. The earlier case arose from an original complaint by Servpro against plaintiff and Ainsworth in the Massachusetts District Court for

complaint or for a more definite statement. On April 3, 2013, the Massachusetts court issued an order granting the motion to dismiss as to Count 1 for breach of contract, based on plaintiff's failure to satisfy a statutory condition precedent to bringing the claim.[2] The court also granted the motion for a more definite statement as to Count 2, unjust enrichment, but denied the motion for dismissal as to Counts 2 through 4. The case thus remains pending.

About a month later, on May 14, 2013, plaintiff and Ainsworth filed a complaint against defendants Vermont Mutual and Robert Gifford in the superior court in Vermont. The complaint alleged essentially the same facts as the earlier complaints filed in Massachusetts, and stated claims for breach of contract and unjust enrichment. Defendants, in response, moved to dismiss the complaint on principles of comity, in deference to the fact that a nearly identical earlier-filed case was pending in Massachusetts. In a written order issued in January 2014, the trial court granted the motion to dismiss without prejudice, and entered judgment for defendants. This pro se appeal followed.[3]

Plaintiff contends that the court erred in dismissing the complaint on comity grounds because the Massachusetts court dismissed one of his counts for breach of contract. As we have recognized, "principles of comity can provide a[] . . . basis for nonintervention by a Vermont court in a dispute that has already come before some other forum." Cavallari v. Martin, 169 Vt. 210, 215 (1999). The doctrine is designed to foster cooperation among the states, preclude forum-shopping, avoid multiple or inconsistent judgments, and promote judicial economy by allowing a court, in its discretion, to stay or dismiss a proceeding "where an action concerning the same parties and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice." Angelopoulos v. Angelopoulos, 2 N.E.3d 688, 695 (Ind. Ct. App. 2013); see also McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co., 263 A.2d 281, 283 (Del. 1970) (observing that discretion to stay or dismiss case where action is pending elsewhere "should be exercised freely" to prevent multiple actions, "avoid the wasteful duplication of time, effort, and expense . . . [through] adjudication of the same cause of action in two courts" and avoid "the possibility of inconsistent and conflicting rulings"); Sensient Colors Inc. v. Allstate Ins. Co., 939 A.2d 767, (N.J. 2008) ("[A] New Jersey state court ordinarily will stay or dismiss a civil action in deference to an already pending, substantially similar lawsuit in another state, unless compelling reasons dictate that it retain jurisdiction.").

---

damages arising out of the same set of facts. Plaintiff counterclaimed against Servpro and Vermont Mutual, and the Massachusetts District Court, in October 2012, granted plaintiff's motion to remove the counterclaims to Superior Court because they exceeded the District Court's $25,000 jurisdictional limit.

[2] Mass. Gen. Laws ch. 175, § 99 provides that where parties do not agree to the amount of loss to the insured property, the parties must submit to reference by three 'disinterested' individuals, a majority of whom shall determine the amount of loss or damage. Such reference, unless waived by the parties, "shall be a condition precedent to any right of action in law or equity to recover for such loss."

[3] Although plaintiff's appeal was from the order of dismissal rather than the subsequent judgment for defendants based on the order, we deem the appeal to be from the subsequently-filed judgment. V.R.A.P. 4(a)(3).

Although the Massachusetts court dismissed one count of plaintiff's complaint, the remaining counts are alive and well and pending. The case in Massachusetts includes counts of unjust enrichment, claims of collusion between Vermont Mutual and defendants Paul and Servpro resulting in unfair business practice, unfair claims settlement practices including misrepresentations and attempts to defraud plaintiffs from coverage, and other unfair and deceptive acts. Plaintiff makes no assertion or showing that the Massachusetts court is incapable of rendering a prompt and fair decision at trial or on appeal. Accordingly, we discern no basis to disturb the Vermont court's order of dismissal without prejudice based on the principles of comity outlined above.

Plaintiff also asserts that the court below improperly "refused" to read or review his filings, and allowed defendants' counsel to "present false and erroneous statements." The claims are unsupported, and provide no basis to disturb the judgment. Plaintiff also appears to question Massachusetts's exercise of jurisdiction. The record discloses that plaintiff filed complaints in Massachusetts and affirmatively invoked its jurisdiction, and he makes no showing that Massachusetts lacks jurisdiction. Finally, plaintiff contends the court erred in awarding defendants their costs of action without specifying the amount recoverable. Costs are calculated and "taxed by the clerk" following judgment, and may be objected to at that time. V.R.C.P. 54(e).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice